RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

ANN T. PORTER (N.Y. Bar No. 5412218)
GRETCHEN E. NYGAARD (D.C. Bar No. 1006292)
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, D.C. 20044
202-532-3645 (Porter)
202-305-1672 (Nygaard)
202-514-6770 (f)
Ann.T.Porter@usdoj.gov
Gretchen.E.Nygaard@usdoj.gov

ROBERT S. BREWER, JR.
United States Attorney
*Of Counsel*

*Attorneys for the United States*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Case No. **'20 CV 0861 W    BLM** |
| Plaintiff, | ) | |
| | ) | **COMPLAINT TO REDUCE** |
| v. | ) | **CIVIL PENALTY** |
| | ) | **ASSESSMENTS TO** |
| KATHY L. HILL, | ) | **JUDGMENT** |
| | ) | |
| Defendant. | ) | |

The United States alleges as set forth below.

## NATURE OF THE ACTION

1. This is a civil action to reduce to judgment four 26 U.S.C. ("I.R.C.") § 6701 penalties assessed against Kathy L. Hill ("Hill").

2. In January 2006, Hill pled guilty to participating in a conspiracy to defraud the United States by, among other things, impeding the functions of the IRS in the ascertainment, computation, and collection of clients' federal income taxes in violation 18 U.S.C. § 371. *See United States v. O'Brien et al.,* Case No. 03-cr-1110-L (S.D. Cal.) (*hereinafter* "*United States v. O'Brien*").

3. As a part of her guilty plea, Hill admitted to preparing and assisting in the presentation of four federal corporate income tax returns that included unsubstantiated amortization for intangible assets deductions.  This complaint seeks to reduce to judgment civil penalties assessed under I.R.C. § 6701 for her role in preparing those four federal corporate income tax returns.

## JURISDICTION AND VENUE

4. This Complaint has been requested and authorized by a delegate of the Secretary of the Treasury and is brought at the direction of a delegate of the Attorney General of the United States pursuant to I.R.C. § 7401.

5. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1340 and 1345 and I.R.C. § 7402.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1395(a) because Hill resides in this judicial district and the penalties giving rise to this action accrued in this judicial district.

## PARTIES

7.      Plaintiff is the United States.

8.      Defendant Hill resides at 283 Meadow Crest Drive, El Cajon, CA 92020.  The Court has personal jurisdiction over Hill because she resides in this judicial district and a substantial part of the actions giving rise to this suit took place here.

## FACTUAL BACKGROUND

**Hill prepared or assisted in the preparation of federal income tax returns through her employment at The O'Brien Group.**

9.      Hill was employed by a business called The O'Brien Group from 1994 until at least November 2002

10.     The O'Brien Group was founded in 1988 by Susan O'Brien ("O'Brien") and provided various tax-related services, including tax return preparation, tax planning, and audit representation before the Internal Revenue Service, to customers.

11.     During the summer of 2000, Hill took a tax preparation course through H&R Block and, several weeks thereafter, became licensed through the

California Tax Education Council to prepare tax returns.  Hill then began to prepare tax returns for clients of The O'Brien Group.

**Hill prepared or assisted in the preparation of four federal income tax returns that understated the tax liability of the White Rhino Corporation and Beach Hardwood Floors, Inc.**

12.     During her employment at The O'Brien Group, Hill participated in a conspiracy to defraud the United States, through which, among other things, she and other employees of The O'Brien Group attempted to conceal clients' assets and income from the Internal Revenue Service and to illegally eliminate clients' income tax liabilities.

13.      As part of the conspiracy, O'Brien advised clients of The O'Brien Group to establish corporations and told clients that their corporations could claim deductions based upon fabricated intangible assets.

14.     O'Brien told Hill and other employees of The O'Brien Group that they could inflate and fabricate clients' expenses in order to lower clients' tax obligations.

15.     Hill prepared, and caused to be prepared, federal income tax returns reflecting fabricated deductions.

16.     In particular, Hill assisted in the preparation of, and signed, federal corporate income tax returns for corporate entities White Rhino Corporation ("White Rhino") and Beach Hardwood Floors, Inc. ("Beach Hardwood").

17.     Specifically, Hill assisted in the preparation of, and signed as the paid tax return preparer, White Rhino's federal corporate income tax returns for its fiscal years ending March 31, 2000 and March 31, 2001.  Each of those returns included a fabricated deduction for amortization of intangible assets, for which Hill saw no substantiation.

18.     Hill also assisted in the preparation of, and signed as the paid tax return preparer, Beach Hardwood's federal corporate income tax returns for the years 2000 and 2001.  Each of those returns included a fabricated deduction for amortization of intangible assets, for which Hill saw no substantiation.

19.     Hill knew that these tax returns, if used, would result in understatements of the federal income tax liabilities for White Rhino and Beach Hardwood for tax years 2000 and 2001, because the deductions for unsubstantiated amortization of intangible assets were fabricated.

20.     By holding herself out as a tax professional, Hill is charged with knowledge of the federal income tax laws.  She is presumed to know that including a fabricated deduction, such as a fabricated deduction for amortization of intangible assets, on a client's income tax return is contrary to established law and would result in an understatement of the tax liability for that client.

**Hill pled guilty to engaging in a conspiracy to defraud the United States in the course of her work at The O'Brien Group.**

21.    In July 2003, in *United States v. O'Brien,* Hill was indicted on counts of conspiracy to defraud the United States (18 U.S.C. § 371) and aiding in the preparation of the four corporate income tax returns identified above in paragraphs 17 and 18 (I.R.C. § 7206(2)).

22.    On January 17, 2006, Hill pled guilty to having unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed to defraud the United States by deceitful and dishonest means by, among other things, impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service, in the ascertainment, computation, assessment, and collection of her clients' federal income taxes, in violation of 18 U.S.C. § 371.

23.    Hill admitted that she prepared and assisted in the presentation federal tax returns which included intangible assets and amortization and for which she saw no substantiation.

24.    Specifically, Hill admitted that she aided in the preparation of, and signed, the 2000 and 2001 White Rhino and Beach Hardwood Floor federal corporate income tax returns that included unsubstantiated deductions for amortization of intangible assets.

25.     On January 17, 2006, the Court in *United States v. O'Brien* accepted Hill's plea of guilty and Hill stipulated that the factual basis set forth in her plea agreement was true in all respects.

26.     Hill is collaterally estopped from contesting those matters to which she previously pled guilty and the factual basis for her plea.

### JUDGMENT AGAINST HILL FOR I.R.C. § 6701 LIABILITIES

27.     The United States incorporates and re-alleges the allegations set forth above in paragraphs 1-26.

28.     An individual is liable for a penalty under I.R.C. § 6701 if he or she:

> (1) [] aids or assists in, procures, or advises with respect to, the preparation or presentation of any portion of a return, affidavit, claim, or other document;

> (2) [] knows (or has reason to believe) that such portion will be used in connection with any material matter arising under the internal revenue laws; and

> (3) [] knows that such portion (if so used) would result in an understatement of the liability for tax of another person.

29.     A matter is material if it includes matters relevant to the availability of a tax benefit.

30.     Hill aided in the preparation and presentation of tax returns for corporate entities White Rhino and Beach Hardwood for tax years 2000 and 2001.

31.     Hill knew or had reason to believe that these tax returns reflecting unsubstantiated deductions for amortization of intangible assets would be used in connection with a material matter arising under the internal revenue laws.

32.     Hill knew that these tax returns reflecting unsubstantiated deductions for amortization of intangible assets, if used, would result in understatements of the federal income tax liabilities for White Rhino and Beach Hardwood for tax years 2000 and 2001.

33.     I.R.C. § 6701(b)(2) imposes a penalty of $10,000 per return if the return, affidavit, claim, or other document relates to the tax liability of corporation.

34.     On May 10, 2010, a delegate of the Secretary of the Treasury made four civil penalty assessments pursuant to I.R.C. § 6701 against Hill with respect to the four tax returns described in paragraphs 17 and 18 above.  The outstanding balance of those penalty assessments as of April 27, 2020 totals $58,308.79.

35.     The assessments were made in accordance with law.

36.     The IRS gave Hill notices of the assessments referred to in paragraph 34 above and made demands for payment to Hill on or about the date of the assessments.

37.     Despite notice and demand for payment, Hill has failed to pay over her outstanding I.R.C. § 6701 penalty liabilities in full.

38. By reason of the foregoing, as of April 27, 2020, Hill is liable to the United States in the amount of $58,308.79 for unpaid I.R.C. § 6701 penalties, plus statutory additions that have accrued and will continue to accrue thereon until paid in full.

**WHEREFORE,** the United States respectfully requests that the Court enter judgment in its favor as follows:

A. Enter a money judgment in favor of the United States and against Kathy L. Hill in the amount of $58,308.79, plus statutory interest and other additions that have accrued after April 27, 2020 and will continue to accrue until paid in full; and

B. Grant the United States its costs and such other and further relief as the Court deems just and proper.

*[signature page follows]*

DATED this 7th day of May, 2020                    Respectfully submitted,


                                                   RICHARD E. ZUCKERMAN
                                                   Principal Deputy Assistant Attorney
                                                   General

                                                   *s/ Ann T. Porter*
                                                   ANN T. PORTER
                                                   GRETCHEN E. NYGAARD
                                                   Trial Attorneys, Tax Division
                                                   U.S. Department of Justice
                                                   Ann.T.Porter@usdoj.gov
                                                   Gretchen.E.Nygaard@usdoj.gov

                                                   ROBERT S. BREWER, JR.
                                                   United States Attorney
                                                   *Of Counsel*

                                                   *Attorneys for the United States*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**'20 CV 0861 W     BLM**

### I. (a) PLAINTIFFS

United States of America

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ann T. Porter, U.S. Dept. of Justice, P.O. Box 7238, Washington, DC 20044 (202) 532-3645; Gretchen E. Nygaard, U.S. Dept. of Justice, P.O. Box 7238, Washington, DC 20044 (202) 305-1672

### DEFENDANTS

Hill, Kathy, L.

County of Residence of First Listed Defendant   County of San Diego, CA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original Proceeding

☐ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from Another District *(specify)*

☐ 6  Multidistrict Litigation - Transfer

☐ 8  Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. 6701

Brief description of cause:
Suit to reduce to judgment civil penalty assessments for aiding and abetting understatements of tax liability

### VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
58,308.79

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

### VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD
/s Ann T. Porter

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____